<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____
                               :
DARNELL SCURRY,                :
                               :   Civil Action No. 14-7934 (RMB)
             Petitioner,       :
                               :
      v.                       :
                               :
UNITED STATES OF AMERICA,      :
                               :          OPINION
             Respondent.       :
_____:
```

**BUMB**, District Judge:

    This matter comes before the Court upon Petitioner's motion seeking to vacate, set aside or correct his sentence (albeit the motion has been submitted under § 2241 and labeled a Section 2241 petition). <u>See</u> Docket Entry No. 1. Petitioner seeks this relief, asserting that (1) the prosecutor committed prosecutorial misconduct by "not dismissing charges against Petitioner," and (2) Petitioner's defense counsel provided him with ineffective assistance by "not moving for dismissal" of those charges. Docket Entry No. 1, at 1, 4 and 5.[1]

    To the extent these allegations present disguised § 2255 claims, those claims are subject to dismissal as untimely. In addition, these claims are barred by the waiver Petitioner

---

[1] Since Petitioner, in no ambiguous terms, stated that he was seeking to vacate, set aside or correct his sentence, the Clerk construed his pleading as an application submitted pursuant to 28 U.S.C. § 2255 and docketed it accordingly. <u>See</u>, <u>generally</u>, Docket.

executed in his underlying criminal matter. To the extent Petitioner's challenges are intended to operate as § 2241 claims, they are subject to dismissal for lack of jurisdiction. Thus, the pleading at bar is deficient, and the Court will dismiss it.

### I. BACKGROUND

On December 13, 2011, Petitioner, being a convicted felon, was charged with illegal "possess[ion and] affecting commerce [of] a firearm, a loaded . . . .357 Magnum caliber revolver." USA v. Scurry ("Scurry-I"), Crim. Action No. 11-0851, Docket Entry No. 1, at 1. On July 10, 2012, Petitioner entered an agreement to plead guilty to and be sentenced on that charge. See Scurry-I, Docket Entry No. 14, at 1. The plea agreement he was offered informed him that the offense he would be pleading guilty to entailed "a statutory maximum sentence of ten years." Id. at 2.

The plea deal also included a waiver of his right to raise any direct appellate and/or collateral challenges. See id. at 3 (referring to § 2255 claims, direct appellate claims, as well as any other form of collateral attack, be it sought by a motion or by an application for a writ of habeas corpus, or by any other means). In addition, the plea agreement informed Petitioner that the task of sentence selection would be an exclusive function of this Court, and the Government was reserving its right to seek,

inter alia, any appropriate sentence enhancement.[2]  See id. at 3. Informed of all these aspects, Petitioner still applied for this Court's permission to plead guilty.  See id. Docket Entry No. 13. Upon satisfying itself that Petitioner was entering the plea agreement knowingly and voluntarily, and that his plea and waiver were intelligent, this Court accepted the plea, and the parties proceeded to the sentencing stage.  See id. Docket Entry dated September 26, 2012.

   On January 3, 2013, the Government, being mindful of its continuous Brady v. Maryland, 373 U.S. 83 (1963), obligations and acting out of an abundance of caution, informed Petitioner of the information the Government had obtained about the trooper who made the statement upon which the Government contemplated reliance for the purposes of seeking Petitioner's sentencing enhancement.  See Instant Matter, Docket Entry No. 1, at 22-23.

   Noting that the trooper was undergoing an internal agency investigation (based on the allegations that, during the events unrelated to Petitioner, the trooper engaged in theft, threats, excessive force, falsification of records and fabrication of

---

[2] One of such enhancements of Petitioner's prison term that the Government was considering ensued from a written statement executed by one of the state troopers who participated in Petitioner's arrest stated that Petitioner had heroin and "crack" cocaine.  See Instant Matter, Docket Entry No. 1, at 22, 34-35. While not pursuing controlled substance charges against Petitioner, the Government contemplated making an application for a sentence enhancement on the basis of that statement.

3

charges, and also posed for a photograph with seized weapons and controlled substances), the Government: (a) informed Petitioner of its election not to rely on the trooper's statement for the purposes of sentence enhancement; and (b) invited Petitioner to file a joint application for a continuance so as to allow Petitioner an opportunity to make inquiries about the trooper's internal investigation. See id.  That continuance was duly sought and granted.  See id. Docket Entries dated March 1, 2013, and April 18, 2013.  Neither the trooper's statement nor his internal investigation were raised during the sentencing stage.

On May 30, 2012, this Court sentenced Petitioner to a term of seven years and one month, i.e., the period far shorter than the sentencing maximum applicable to the firearms offense. See id., Docket Entry No. 17.  Petitioner's judgment of conviction was entered on May 31, 2013.  See id.

Nineteen months later, that is, on December 23, 2014, Petitioner filed the within pleading.  See Instant Matter, Docket Entry No. 1.  Here, he asserted that he did not commit the underlying offense and pled guilty simply because he followed the "ill advice" of his defense counsel.  Id. at 10.  To buttress his newly minted claim of innocence, he alleged that he should have been deemed "set up" by the trooper and even by the other officers who were involved in his arrest simply because the internal investigation of the trooper focused on the possibility

4

that the trooper falsified the charges during the events unrelated to Petitioner. See id. at 10-11.  Building on that allegation, Petitioner now asserts that his rights were violated because: (a) the Government did not withdraw the charge (to which Petitioner already pled guilty to) immediately upon learning that the trooper was subject to an internal investigation based on the events unrelated to Petitioner; and (b) Petitioner's counsel did not make an application for such dismissal immediately upon receiving the Government's above-mentioned Brady disclosure.  See Instant Matter, Docket Entry No. 1.

Cognizant of the untimeliness of his attack for the purposes of Section 2255, Petitioner labeled his pleading "Petitioner for Writ of Habeas Corpus 28[ §] U.S.C. 2241, Pursuant to [§] 2255['s] Saving[] Clause Rule (E) and (H) Actual Innocence." Id. at 1 (capitalization of sub-sections in original).

**B.   DISCUSSION**

    **1.   Construction as a Section 2255 Motion**

Section 2255 motions are subject to a one-year period of limitation established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999).  The limitation period begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. §2255(f)(1).  If no appeal from the judgment of conviction is taken, the judgment finalizes when the time for

filing a notice of appeal expires.  See United States v. Delgado, 363 F. App'x 853, 854 (3d Cir. 2010); Fed. R. App. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within fourteen days after the entry of the judgment).

Here, Petitioner's judgment of conviction was entered on May 31, 2013, and he did not file a direct appeal.  Accordingly, his conviction became final fourteen days later, that is, on June 14, 2013.  His AEDPA's one-year limitation period for filing a § 2255 motion was triggered on that date and expired on June 13, 2014, i.e., more than half a year prior to December 23, 2014, i.e., the date when he filed the pleading at bar.  Hence, absent a basis for equitable tolling, his pleading is facially time-barred for the purposes of § 2255.  And, since the pleading is wholly silent as to any basis for equitable tolling, it is subject to dismissal as untimely.

Even if this Court were to hypothesize that Petitioner, if granted an opportunity to reflect on the untimeliness issue, could assert a viable basis for equitable tolling, accord United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (a habeas litigant must be availed to an opportunity to state his grounds for equitable tolling, if any), Petitioner's challenges would still be deficient since they fall outside the scope of a § 2255 attack allowed to defendants convicted upon a guilty plea.

6

This is so because the defendant, convicted as a result of his guilty plea, automatically forfeits claims beyond the plea. In other words, such defendant's § 2255 motion must be limited to the attacks on nature of his plea or to the assistance of his counsel provided *in connection with the process of his entry of that plea*. See United States v. Broce, 488 U.S. 563, 569 (1989); Mabry v. Johnson, 467 U.S. 504, 508-09 (1984); Tollett v. Henderson, 411 U.S. 258, 267 (1973) (when a defendant has unconditionally pled guilty, "he may . . . only attack the voluntary and intelligent character of the guilty plea"); see also Hill v. Lockhart, 474 U.S. 52, 58 (1985).  Here, however, Petitioner raises challenges to the events wholly unrelated to the process of Petitioner's entry of his guilty plea: he claims that the Government should have withdrawn the charges against him *after* he pled guilty and/or his defense counsel should have moved for dismissal of that *already-pled-guilty-to* charge.  See Instant Matter, Docket Entry No. 1.  Indeed, Petitioner's entire attack on the pleading process is limited to his self-serving hindsight observation that he followed his counsel's "ill advice." Id. at 10.  That observation, however, neither establishes nor even suggests that Petitioner's plea was not knowing, intelligent and voluntary.[3]  Thus, even if Petitioner's § 2255 challenges would

---

[3] Where the defendant who pled guilty attacks his counsel's assistance in connection with that plea, his challenges merit

be timely, they would still be deficient for falling outside the scope of § 2255 review because: (a) the Government's election not to withdraw the charge has no relation to whether Petitioner's plea was knowing, intelligent and voluntary; and (b) Petitioner's hindsight doubts as to the wisdom of his election to follow the counsel's advice cannot possibly render his plea unknowing, unintelligent on involuntary.  "When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time." Rodela-Aguilar v. United States, 596 F.3d 457, 461 (8th Cir.

---

relief only if he satisfies the two-prong test of Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Under the first prong, he must show that his counsel's performance fell below an objective standard of reasonableness, see id. at 688; under the second prong, he must establish prejudice caused by his counsel's deficient performance.  See id. at 692-93; see also Knowles v. Mirzayance, 556 U.S. 111 (2009).  The latter means, generally, that the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  But where the defendant attacks his plea on the basis of his counsel's assistance, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. . . . [Hence,] the defendant must show that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty and would have insisted on going to trial*."  Hill, 474 U.S. at 58-59 (1985) (emphasis supplied); United States v. Orocio, 645 F.3d 630, 638 (3d Cir. 2011).  Here, Petitioner's pleading at bar does not offer this Court even an inkling of the claim that Petitioner would have insisted on going to trial.

2010); see also Strickland, 466 U.S. at 688 (same). Hence, Petitioner's § 2255 claims are deficient substantively.

If the foregoing were not enough, Petitioner's claims are also barred by his plea deal waiver. Where a defendant executes a broad waiver of his direct appellate and collateral-challenges rights, that waiver is binding unless the defendant states an ineffective assistance of counsel claim based specifically on the counsel's performance *in connection with that waiver*. Accord United States v. Hahn, 359 F.3d 1315, 1326 n.12 (10th Cir. 2004); see also United States v. Corso, 549 F.3d 921, 931 (3d Cir. 2008). Here, nothing in the pleading suggests that Petitioner's counsel's performance *in connection with his waiver* was deficient. In fact, the pleading is wholly silent as to the waiver aspect. Thus, the waiver conclusively bars Petitioner's collateral challenges, and his pleading is also subject to dismissal on that ground. In sum, under § 2255, Petitioner's claims are deficient both procedurally and substantively.[4]

### 1. Construction as a Section 2241 Habeas Petition

As noted supra, Petitioner, seemingly well aware of the shortcomings of his pleading for the purposes of § 2255 analysis,

---

[4] Correspondingly, to the extent Petitioner's pleading could be construed as a Section 2255 motion, it does not warrant a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (the standard applicable to review of the merits); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (the standard applicable to review of procedurally deficient claims).

tried to escape a dismissal (based on the untimeliness, waiver and his raising claims falling outside the scope allowed by § 2255 to the defendants who pled guilty) by re-styling his <u>de facto</u> § 2255 motion into a Section 2241 habeas petition.  <u>See</u> Instant Matter, Docket Entry No. 1, at 1.  However, Petitioner's attempt to disguise his § 2255 challenges into Section 2241 has rendered his claims jurisdictionally deficient.

    Petitioner aims to rely on two sub-sections of Section 2255. <u>See</u> <u>id.</u> (referring to § 2255's sub-sections "E" and "H," which this Court construes as references to sub-sections "e" and "h" in light of the fact that Section 2255 has no sub-sections "E" and "H").  These sub-sections provide as follows:

> (e) An application for a writ of <u>habeas</u> <u>corpus</u> in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> . . .
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (e), (h).

Petitioner's reliance on these sub-sections is misplaced. Sub-section "e," popularly known as the "safety valve," cannot aid Petitioner in his attempt to establish § 2241 jurisdiction. A motion filed under § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). By contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

Here, Petitioner's claims are attacks on the validity of his conviction and, as such, they presumptively fall within § 2255. True, in certain – albeit very narrow – circumstances, a federal prisoner can seek relief under § 2241, but only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). However, "Section 2255 [does not become] inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent

11

gatekeeping requirements of the amended § 2255." Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law, which might come about as a result of a Supreme Court ruling finding a penal provision inapplicable to a certain conduct or an outright legislative repeal of a penal statute. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Here, such unique scenario is not present. No Supreme Court ruling found that the act of an illegal possession of – or illegal commerce in – a firearm is a non-criminal conduct. And no legislative enactment has repealed the penal statute under which Petitioner was convicted. Thus, the acts underlying Petitioner's conviction remain as much a crime today as they were on the day he pled guilty (or was charged with those acts). Hence, the "safety valve" of Section 2255 is wholly inapplicable here.

Petitioner's attempt to rely on sub-section "h" fares even worse.[5] Since: (a) Petitioner attempts to invoke § 2241

---

[5] First, sub-section "h" does not allow for resort to Section 2241: an application submitted under that sub-section

jurisdiction and escape the reach of § 2255; (b) Petitioner has not made any prior § 2255 motion, and – even now – he aims to avoid qualifying his instant pleading as a § 2255 motion; (c) this Court is the trial court; (d) the <u>Brady</u>-based evidence upon which Petitioner relies was available to him right after his plea and before his sentencing, that is, for since January 3, 2013, and, in addition, that evidence cannot possibly qualify as establishing Petitioner's innocence (and, <u>a fortiori</u>, as establishing his innocence clearly and convincingly); and (e) there has been no retroactively applicable Supreme Court decision which Petitioner might be able to invoke, sub-section "h" is wholly inapposite to this matter.

---

remains a § 2255 motion.  Second, sub-section "h" applies only to second/successive § 2255 motions, <u>i.e.</u>, those motions that were filed after the original § 2255 motion was made and resolved on the merits.  Third, an application to file such second/successive § 2255 motion – and, hence, the power to grant that application – is an exclusive function of the circuit court of appropriate jurisdiction, and no district court has the mandate to usurp that function: at most, the district court may forward an incorrectly filed application to the circuit court for the circuit court's independent consideration in the event the district court finds such forwarding in the interest of justice.  Finally, the circuit court has the power to grant leave to file a second/successive § 2255 motion only if the circuit court finds that the application is based on newly discovered, clear and convincing evidence (that would allow no reasonable juror to find that the defendant committed the offense of which he was convicted) or that the application is based on Supreme Court precedent that was not available to the defendant at the time of his conviction but became retroactively applicable to the defendant's underlying conduct after his original § 2255 motion was already ruled upon.

Consequently, this Court is constrained to dismiss the pleading in the event it is construed as labeled on its face, i.e., as a Section 2241 habeas petition, for lack of jurisdiction.[6]

### III. CONCLUSION

For the foregoing reasons, the pleading will be dismissed. To the extent it could imply Section 2241 challenges, those challenges will be dismissed for lack of jurisdiction. To the extent the true nature of Petitioner's challenges could be distilled, and those challenges could be assessed accordingly: (a) Petitioner's pleading is deemed an attempt to raise Section 2255 claims, and those claims will be dismissed as untimely, falling outside the scope of § 2255 review afforded to Petitioner in light of his plea and, in addition, as barred by his waiver; and (b) no certificate of appealability will issue.

However, mindful of the Court of Appeals' teaching that the Court should not sua sponte construe a pleading as a Section 2255 application without affording the litigant an opportunity to object to such construction and, hence, to avoid commencement of § 2255 proceeding, see Castro v. United States, 540 U.S. 375, 383 (2003) (the court cannot sua sponte recharacterize an expressly

---

[6] Correspondingly, this Court finds it warranted to dispense with collection of $5 filing fee that would have been applicable to this matter had it been a bona fide § 2241 habeas petition.

14

labeled § 2241 ground as a motion to vacate the judgment without notifying the litigant of the consequences of recharacterization and providing him an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has); this Court will: (a) retain its jurisdiction over this matter for the period of ninety days; and (b) direct Petitioner to state, in writing, whether he wishes to withdraw the instant matter or proceed with this case as his Section 2255 action.[7]

---

[7] In the event Petitioner elects to proceed with a § 2255 action, he would have to show cause, in writing, as to why his challenges should not be dismissed as facially untimely. See Bendolph, 409 F.3d at 169. If Petitioner's written statement details a viable basis for equitable tolling, that statement should also marshal all Petitioner's challenges, see United States v. Miller, 197 F. 3d 644 (3d Cir. 1999), albeit those challenges should be limited to, and only to, his attack(s) on the knowing, voluntary and intelligent nature of his plea and waiver, and/or his counsel's assistance solely in connection with the process of that plea and waiver. Toward that end, this Court reminds Petitioner that self-serving bold assertions (e.g., to the effect that Petitioner's plea and/or waiver were or must be deemed not knowing, voluntary and intelligent) cannot suffice. Rather, Petitioner is obligated to meticulously detail the actual facts *establishing* that plea and/or waiver were not knowing, voluntary and intelligent.

> "Habeas corpus petitions must meet heightened pleading requirements," McFarland v. Scott, 512 U.S. 849, 856 (1994), and Habeas Rule 2(c) requires a petitioner to "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(2) . . . . [Thus, Petitioner must] detail[] the legal challenge and supporting factual predicate of each claim . . . .

Jones v. United States, 2014 U.S. Dist. LEXIS 101272, at *2-4 (D.N.J. July 24, 2014) (reflecting on the principles applicable to all habeas applications, including § 2255 motions, through Habeas Rule 1(b)).

An appropriate Order follows.

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

Dated: February 6, 2015