**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARNELL SCURRY, | : | |
| | : | Civil Action No. 14-7934(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

    This matter comes before the Court upon Petitioner's submission, on December 22, 2014, of a petition under 28 U.S.C. § 2241. (Petition, ECF No. 1.) Petitioner is a federal inmate confined at U.S.P. Canaan in Waymart, PA. (Id.) Petitioner labeled his petition as arising under 28 U.S.C. § 2241. (Id.) On February 6, 2015, however, this Court construed the petition as arising under 28 U.S.C. § 2255, and dismissed it without prejudice, allowing Petitioner to state in writing whether he wished to withdraw the instant matter (in other words not go forward with his first, albeit time-barred, § 2255 motion or proceed with this case as his Section 2255 action. (Opinion, ECF No. 3 at 14-15.) Insofar as the filing was purported under 28

U.S.C. § 2241, this Court dismissed the claims because it lacked jurisdiction. (Order, ECF No. 4.) Proceeding under § 2241 was not an option Petitioner was given.

On March 12, 2015,[1] this Court received Petitioner's written submission in response to the Court's February 6, 2015 Opinion and Order. (Petitioner's Submission Pursuant to District Court Order of February 6th, 2015 ("Petr's Sub."), ECF No. 5.) Rather than responding to the question of whether he wished to withdraw the instant matter or proceed with this case as his Section 2255 action, Petitioner again asserted that he should be allowed to proceed under § 2241 based on the savings clause of § 2255. (Petr's Sub. at 3.) The Court will treat Petitioner's filing as a motion for reconsideration of its prior Order pursuant to Local Rule 7.1(g), and grant the motion in form and deny it in substance.

On February 6, 2015, this Court addressed the merits of Petitioner's argument that the savings clause applied to his claim of actual innocence, under 28 U.S.C. § 2255(e) and (h).

---

[1] On February 14, 2014, Petitioner filed a "Motion for Nunc Pro Tunc to Correct Order of February 6th, 2015, Pursuant to [F.R.AP.P.] Rule 4(b) Based on Excusable "Neglect" (ECF No. 6.) It appears that Petitioner seeks to have the Court accept his submission, received by the Court on March 12, 2015, as timely because he mailed the submission to the Court by certified mail on March 6, 2015, within the allotted thirty days he was given. The Court will accept and address Petitioner's submission, although his motion will be denied because this District Court is not governed by the Federal Rules of Appellate Procedure.

2

Case 1:14-cv-07934-RMB   Document 7   Filed 05/11/15   Page 3 of 5 PageID: 125

(Opinion at 9-14.) First, the Court found that Petitioner's claims were attacks on the validity of his sentence that should have been raised under § 2255, but Petitioner was barred by the statute of limitations and by his plea deal waiver from seeking relief under § 2255. (Id. at 6-9.)

Second, the Court found that the narrow "safety valve" provision of under § 2255 was not applicable because there was no Supreme Court ruling that found Petitioner's illegal possession of, or illegal commerce in, a firearm was non-criminal conduct. (Id. at 12.) Third, this Court found Petitioner could not proceed under the safety valve pursuant to 28 U.S.C. § 2255(h) because such provision allows a petitioner to seek permission from the Court of Appeals, not the District Court, to file a second 2255 motion by alleging sufficient facts to show actual innocence. (Id. at 12-14.) Nothing in Petitioner's Submission changes any prior finding by this Court in this matter. Therefore, the matter will be dismissed.

IT IS, therefore, on this **11th** day of **May 2015**,

**ORDERED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that Petitioner's submission, while accepted as timely and granted in form as a motion for reconsideration of this Court's February 6, 2015 Order, it is denied on the merits; and it is further

3

**ORDERED** that Petitioner's "Motion for Nunc Pro Tunc to Correct Order of February 6th, 2015, Pursuant to [F.R.AP.P.] Rule 4(b) Based on Excusable "Neglect" (ECF No. 6) is denied; and it is

**ORDERED** that the Clerk administratively terminate this matter by making a new and separate entry reading, "CIVIL CASE TERMINATED."  Such termination shall be subject to reopening in the event Plaintiff timely submits a writing, within thirty days of the date of this Memorandum and Order, stating Petitioner wishes this matter to proceed under Section 2255 or alternatively submits a written statement that he wishes to withdraw this petition as arising under Section 2255 (in other words, Petitioner does not intend the Court to construe it under § 2255, knowing that this Court has dismissed the petition under § 2241 for lack of jurisdiction);[2] and no statement in this

---

[2] As this Court noted in its Opinion and Order dated February 6, 2015, in the event Petitioner elects to proceed with a § 2255 action, he would have to show cause, in writing, as to why his challenge should not be dismissed as facially untimely. See U.S. v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005). If Petitioner's written statement details a viable basis for equitable tolling, that statement should also marshal all Petitioner's challenges, see United States v. Miller, 197 F. 3d 644 (3d Cir. 1999), albeit those challenges should be limited to, and only to, his attack(s) on the knowing, voluntary and intelligent nature of his plea and waiver, and/or his counsel's assistance solely in connection with the process of that plea and waiver. Toward that end, this Court reminds Petitioner that self-serving bald assertions (e.g., to the effect that Petitioner's plea and/or waiver were or must be deemed not knowing, voluntary and intelligent) cannot suffice. Rather, Petitioner is obligated to

Memorandum and Order shall be construed as withdrawal of this Court's jurisdiction over this matter under § 2255; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. Mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

---

meticulously detail the actual facts establishing that plea and/or waiver were not knowing, voluntary and intelligent. "Habeas corpus petitions must meet heightened pleading requirements," McFarland v. Scott, 512 U.S. 849, 856 (1994), and Habeas Rule 2(c) requires a petitioner to "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(2) . . . . [Thus, Petitioner must] detail[] the legal challenge and supporting factual predicate of each claim . . . . Jones v. United States, 2014 U.S. Dist. LEXIS 101272, at *2-4 (D.N.J. July 24, 2014) (reflecting on the principles applicable to all habeas applications, including § 2255 motions, through Habeas Rule 1(b)).