UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DARNELL SCURRY,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 14-7934(RMB)

**OPINION**

---

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1); and Petitioner's subsequently filed motion for return of property under Federal Rule of Criminal Procedure 41 ("Mot. for Return of Property") (ECF No. 13.) For the reasons discussed below, the Court will dismiss the § 2255 motion as time barred, and direct the Clerk to docket Petitioner's motion for return of property in a new civil action.

I.  BACKGROUND

On July 10, 2012, Petitioner pled guilty before this Court to the one-count Indictment in Criminal Action No. 11-851(RMB), by agreeing he was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States v. Scurry, Criminal Action No. 11-851(RMB) (D.N.J. Minute Entry, Plea, ECF

No. 12; Application for Permission to Enter Guilty Plea, ECF No. 13; Plea Agreement, ECF No. 14.) The Plea Agreement included a waiver of Petitioner's right to raise any direct appellate or collateral challenges to his conviction and sentence. (Id., Plea Agreement, ECF No. 14 at 3.)

On January 3, 2013, the Government informed defense counsel that while preparing to present New Jersey State Trooper Michael J. Ryan as a witness at Petitioner's sentencing hearing, the Government learned that Ryan remained under investigation in a 2010 case for allegations of falsifying reports and records, theft, false arrest, threats and excessive force. (Scurry v. United States, 14-7934(RMB), Pet., Ex. B, ECF No. 1 at 21-23.) There was also an open 2012 investigation where Trooper Ryan was accused of misconduct. (Id. at 23.)

Sentencing was held on May 30, 2013. (United States v. Scurry, 11-851(RMB), Minute Entry, Sentencing, ECF No. 16; Judgment, ECF No. 17.) Trooper Ryan was not presented as a witness. Petitioner was sentenced to imprisonment for a term of 85 months, a three-year term of supervised release, forfeiture of certain property, and a special assessment of $100. (Id.)

On December 22, 2014, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, relying on 28 U.S.C. § 2255(e) and (h) to assert a claim of innocence, asserting he only pled guilty on the ill-advice of counsel.

2

(Id., Pet., ECF No. 1 at 10.) He stated he was set up by the trooper, as evidenced by the allegations that the trooper falsified charges in another matter. (Id., ECF No. 1 at 11.) Therefore, Petitioner argues his rights were violated because (1) the Government did not withdraw the charge when it learned of the investigations of Trooper Ryan; (2) and counsel was ineffective for not immediately seeking dismissal of the charges upon receiving the Government's disclosure of the investigations of Trooper Ryan. (Id. at 12-13.)

In an Opinion dated February 6, 2015, this Court noted there is a one-year statute of limitations under 28 U.S.C. § 2255 to challenge a federal court conviction and sentence. (Opinion, ECF No. 3 at 5-6.) The statute begins to run when the conviction becomes final. 28 U.S.C. § 2255(f)(1). When no appeal from the judgment is taken, the conviction becomes final when the time to file a notice of appeal expires, within fourteen days after the entry of judgment. United States v. Delgado, 363 F. App'x 853, 854 (3d Cir. 2010); Fed. R. App. P. 4(b)(1)(A). Petitioner's conviction became final on June 14, 2013, and the one-year statute of limitations expired on June 13, 2014, more than six months before he filed the § 2241 petition. (Opinion, ECF No. 3 at 6.)

This Court recognized that Petitioner sought to get around the statute of limitations for motions under 28 U.S.C. § 2255 by

3

bringing his petition under 28 U.S.C. § 2241, in reliance on subsections (e) and (f) of 28 U.S.C. § 2255. (Id. at 9-11.) Challenges to a federal conviction and sentence presumptively must be brought under 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). 28 U.S.C. § 2255(e), known as the safety-valve, was not helpful to Petitioner because § 2255 does not become inadequate or ineffective merely because the statute of limitations under § 2255 has expired. (Id. at 11.)

Subsection (h) of 28 U.S.C. § 2255 was also not helpful to Petitioner because it applies to second or successive motions under 28 U.S.C. § 2255, and Petitioner had not brought a first motion under § 2255. (Id. at 12-13.) Because the Court lacked jurisdiction to hear Petitioner's claims under 28 U.S.C. § 2241, it construed his petition as arising under 28 U.S.C. § 2255, but dismissed it as untimely and barred by the waiver in the plea agreement. (Id. at 14-15.)

As required under Castro v. United States, 540 U.S. 375, 383 (2003), the Court gave Petitioner the opportunity to do one of the following: (a) withdraw the motion; (b) amend the motion to state all of his § 2255 claims, or (c) to proceed with the present motion under 28 U.S.C. § 2255, although he would be required to show a basis for equitable tolling of the statute of limitations if he wished to proceed under 28. U.S.C. § 2255.

4

(Id.) On June 11, 2015, Petitioner filed a written statement that he wished to proceed with the present motion under 28 U.S.C. § 2255. (Reply to Memorandum and Order of May 11, 2015, ECF No. 8.)

Petitioner filed his written brief in support of tolling the statute of limitations on October 7, 2015. (§ 2255 Motion Showing of Timeliness ("Mot. re Timeliness"), ECF No. 12.) The issue of whether the statute of limitations bars Petitioner's § 2255 motion is now before the Court. The Court will also address Petitioner's motion for return of property, filed in this matter on June 2, 2016. (Mot. for Return of Property, ECF No. 13.)

II. DISCUSSION

    A.   <u>Statute of Limitations</u>

Petitioner argues intervening circumstances justify late filing of his claim of innocence under 28 U.S.C. § 2255(f)(4). (Mot. re Timeliness, ECF No. 12 at 3-5.) The intervening circumstances are that his arresting officers have now been found guilty of the accusations in the 2010 investigation against them, unrelated to Petitioner's criminal case. (Id.)

Petitioner asserts his innocence, however, he has been unable to uncover evidence due to the fact that he is in prison and has limited resources. (Id. at 3.) Petitioner has made FOIA requests related to the arresting officers in an attempt to prove his innocence. (Id.) Petitioner now seeks discovery or a

5

stay of this proceeding under 28 U.S.C. § 2251, until he is released from prison and is "able to assist himself in discovery." (Id. at 5-6.)

28 U.S.C. § 2255(f)(4) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
> . . .
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Essentially, Petitioner asserts that because his arresting officers were found guilty of misconduct in a 2010 case, he will ultimately be able to prove that they planted the gun on him in the underlying criminal action here. He claims that he only pled guilty because defense counsel told him the jury would not believe him. This Court finds that Petitioner has not yet discovered facts to support his claim of innocence that would allow him to proceed under 28 U.S.C. § 2254(f)(4). He cannot use 28 U.S.C. § 2255(f)(4) to get court-sanctioned discovery to attempt to find evidence supporting his claim.

Alternatively, Petitioner seeks a stay of this action until he is released from prison and is free to conduct discovery on his own. Although the Court has authority under 28 U.S.C. § 2251 to stay a habeas proceeding, the interests of justice do not support doing so in this matter. Petitioner has presented no

6

evidence, apart from his self-serving claim of innocence after pleading guilty, that any officer in the underlying criminal action planted a gun on him. If Petitioner can find such evidence in the future, he may still seek to proceed under 28 U.S.C. § 2255(h)(1), by presenting the newly discovered evidence of his innocence to the appropriate Court of Appeals.

B.  Motion for Return of Property

On June 2, 2016, Petitioner filed a motion in this habeas proceeding for return of property under Federal Rule of Criminal Procedure 41. (Mot. for Replevin, ECF No. 13.) Petitioner seeks return of 115 dollars seized upon his arrest. (Id.) He contends there was no order of forfeiture for the 115 dollars at sentencing. (Id.)

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Once the criminal proceedings have terminated, the Government bears the burden to demonstrate it has a legitimate reason to retain the requested property seized for use in investigation

7

and trial. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).

"A district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings against the defendant and such an action is treated as a civil proceeding for equitable relief." U.S. v. Bein, 214 F.3d 408, 411 (3d Cir. 2000) (citing United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc); Chambers, 192 F.3d at 376–77 (citing United States v. Martinson, 809 F.2d 1364 (9th Cir. 1987); Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994); Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995)). The Court will direct the Clerk to open a new civil action and docket Petitioner's motion for return of property in that proceeding. The Court will also direct the Government to file a response to the motion.[1]

III. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. See Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[1] Petitioner alleged his 115 dollars is held in the Court's escrow account. The Court has no such account. It is the Government that retains seized property during a criminal proceeding.

2253(c)(2). The discussion of Petitioner's claims above demonstrates Petitioner has not made such a showing, and this Court will not issue a certificate of appealability.

IV. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will dismiss Petitioner's § 2255 motion with prejudice, and direct the Clerk to docket Petitioner's motion for return of property in a new civil action.

                                                **s/RENÉE MARIE BUMB**_____
                                                Renée Marie Bumb
                                                United States District Judge

Dated: June 28, 2016