**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARNELL SCURRY, | : | |
| Petitioner, | : | Civil Action No. 14-7934(RMB) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**BUMB**, United States District Judge

This matter comes before the Court upon Petitioner's motion for reconsideration of this Court's Opinion and Order denying Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 16).

I.  BACKGROUND

On June 28, 2016, this Court dismissed as time-barred Petitioner's motion to vacate, set aside or correct sentence, challenging his June 14, 2013 conviction for violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. (ECF Nos. 14, 15; United States v. Scurry, 11cr851 (RMB) (D.N.J)). On June 27, 2016, the Clerk of Court received Petitioner's self-styled "Motion for Leave Requesting to Amend Johnson Issue to Petitioner's Pending Section 2255 Motion." Scurry v. United

States, Civil Action No. 16-3828 (RMB) (ECF No. 1 at 1.)[1] The following day, the same day the Opinion and Order dismissing Civil Action No. 14-7434 was entered, the Clerk of Court docketed Petitioner's motion for leave to amend in a new civil action, 16-3828 (RMB).  When Petitioner realized what had occurred, he filed the present motion for reconsideration, in an effort to preserve his Johnson claim. (ECF No. 16.)

Petitioner also seeks appointment of counsel to brief his Johnson claim, noting that the Public Defender has a conflict based on Petitioner's other claims of ineffective assistance of counsel.  (Id.; Ex. 1, ECF No. 16 at 7-8.)  A court may appoint counsel to represent a petitioner in a § 2255 proceeding pursuant to 18 U.S.C. § 3006A.[2]  See Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts.

---

[1] Petitioner's claim does not fall squarely within the holding of Johnson, but instead relies on language in U.S.S.G. § 4.B1.2 that is identical to the language in the residual clause of the ACCA, found to be void for vagueness in Johnson.  The Third Circuit, in United States v. Calabretta, 831 F.3d 128, 137 (3d Cir. 2016) held that the residual clause in U.S.S.G. § 4B1.2 is unconstitutionally vague in light of Johnson.  The Supreme Court has granted certification in Beckles v. United States to address the circuit split over whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2).  Id. at 134, n.6.

[2] 18 U.S.C. § 3006A(2)(B) provides:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require,

II.  DISCUSSION

On June 26, 2015, the Supreme Court held that increasing a defendant's sentence "under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  Johnson v. United States, 135 S.Ct. 2551, 2563 (2015).  On April 18, 2016, the Supreme Court held that the Johnson decision is retroactively applicable on collateral review.  Welch v. U.S., 136 S.Ct. 1257, 1268 (2016).

Pursuant to 28 U.S.C. § 2255(f)(3), the one-year statute of limitations for a motion under 28 U.S.C. § 2255 begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Petitioner filed his request to include a Johnson claim in his pending § 2255 motion in Civil Action No. 14-7934 within one year of the Supreme Court's decision in Johnson.

Federal Rule of Civil Procedure 60(b)(1) provides that "the court may relieve a party . . . from a final judgment, or proceeding for the following reasons "mistake, inadvertence,

---

representation may be provided for any
financially eligible person who—
. . .
   (B) is seeking relief under section
2241, 2254, or 2255 of title 28.

surprise, or excusable neglect." The Court mistakenly docketed in a new civil action Petitioner's motion for leave to amend his 2255 motion in Civil Action No. 14-7934. Due to this mistake, the Court entered judgment dismissing Petitioner's 2255 motion as time-barred.

Under the present circumstances, Petitioner cannot bring his otherwise timely submitted Johnson claim without seeking permission from the Third Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255. Instead, the Court will reopen this matter and permit Petitioner to proceed with his Johnson claim in Civil Action No. 14-7934. This Court's Opinion and Order, dated June 28, 2016 (ECF Nos. 14, 15), shall remain in force with respect to Petitioner's non-Johnson claims.

III. CONCLUSION

For the reasons discussed above, the Court will grant Petitioner's motion for reconsideration and vacate final judgment in this action. The Court will grant Petitioner's "Motion for Leave Requesting to Amend Johnson Issue to Petitioner's Pending Section 2255 Motion," which contains the basis for his Johnson claim. Petitioner's first habeas petition shall be amended to include his Johnson claim. The Court will appoint counsel to Petitioner, and permit counsel to file a

brief in support of Petitioner's Johnson claim. Respondent may then file a response.

                                                 s/Renée Marie Bumb
                                                 **RENÉE MARIE BUMB**
                                                 **United States District Judge**

**Dated:** November 30 2016