**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| DARNELL SCURRY, | : | |
| | : | Civil Action No. 14-7934(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

APPEARANCES:

Frank L. Corrado, Esq.
Joseph Christopher Gillin-Schwartz, Esq.
BARRY, CORRADO & GRASSI, P.C.
2700 Pacific Avenue
Wildwood, NJ 08620
    On behalf of Petitioner

Howard Joshua Wiener
Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY
401 Market Street, 4th floor
Camden, NJ 08101
    On behalf of Respondent

**BUMB**, United States District Judge

This matter comes before the Court upon Petitioner Darnell Scurry's ("Scurry") Johnson claim[1] in his amended motion under 28

---

[1] On June 26, 2015, the Supreme Court held that increasing a defendant's sentence "under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson v. United States, 135 S.Ct. 2551, 2563 (2015). On April 18, 2016, the Supreme Court held that the

U.S.C. § 2255 to vacate, set aside or correct his sentence. (Am. 2255 Mot., ECF No. 27.) For the reasons discussed below, the claim is denied, and the amended § 2255 motion is dismissed with prejudice.

I. BACKGROUND

On June 28, 2016, this Court dismissed as time-barred Scurry's motion to vacate, set aside or correct sentence, challenging his June 14, 2013 conviction for violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. (Opinion and Order, ECF Nos. 14, 15; United States v. Scurry, 11cr851 (RMB) (D.N.J)). On June 27, 2016, the Clerk of Court received Petitioner's self-styled "Motion for Leave Requesting to Amend Johnson Issue to Petitioner's Pending Section 2255 Motion." Scurry v. United States, Civil Action No. 16-3828 (RMB) (ECF No. 1 at 1.) The following day, the same day the Opinion and Order dismissing Civil Action No. 14-7434 was entered, the Clerk of Court docketed Petitioner's motion for leave to amend in a new civil action, 16-3828 (RMB).

The Court granted in part Scurry's motion for reconsideration of the Order dismissing Civil Action No. 14-7434, and reopened this matter to permit Scurry to proceed with his Johnson claim only. (Order, ECF No. 19.) The Court's Opinion

---

Johnson decision is retroactively applicable on collateral review. Welch v. U.S., 136 S.Ct. 1257, 1268 (2016).

and Order, dated June 28, 2016 (ECF Nos. 14, 15), remained in force with respect to Scurry's non-Johnson claims. The Court appointed counsel to represent Scurry with his Johnson claim (ECF Nos. 19-22), and counsel filed a brief on Scurry's behalf (Pl's Brief in Supp. of Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Custody, ("Pl's Brief") ECF No. 26.) Scurry's counsel raised multiple claims, including the Johnson claim. (Id.) The Court permitted Scurry to amend his otherwise untimely § 2255 motion solely to bring a claim under Johnson, and the Court will address only the Johnson claim.[2] The Government filed a letter brief in response (Letter Brief, ECF No. 30.)

II. DISCUSSION

On May 30, 2013, Scurry was sentenced to a term of 85-months imprisonment and three-years supervised release. (Pl's Brief, ECF No. 26 at 6.) The sentencing court treated Scurry's three prior convictions for aggravated assault pursuant to N.J.S.A. 2C:12-1(b)(7) as "crimes of violence" under

---

[2] It appears that Scurry was released from prison on May 26, 2017. See BOP Inmate Locator, available at https://www.bop.gov/inmateloc/. It appears that the § 2255 motion may be moot, absent a showing by Scurry of collateral consequences of his sentence. See Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009) ("[e]ven though collateral consequences are not presumed, a petitioner may still avoid a finding of mootness if he can show a continuing injury, or collateral consequence, that is sufficient." (quoting Spencer v. Kemna, 523 U.S. 1, 14 (1998)). Thus, the Court also addresses the merits of the Johnson claim.

3

§4B1.2(a)(2) of the United States Sentencing Guidelines. (Id.) With these prior convictions, Scurry's base level offense was increased to 24. (Id.)

For his Johnson claim, Scurry asserted that the residual clause of the U.S.S.G., §4B1.2(a)(2), was declared unconstitutionally vague, and could not support his sentence. (Pl's Brief, ECF No. 26 at 7.) In 2015, the Supreme Court held that increasing a defendant's sentence "under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. (Id. at 14, quoting Johnson v. United States, 135 S.Ct. 2551, 2563 (2015)). In 2016, the Third Circuit held that language identical to the ACCA residual clause in the then existing residual clause of U.S.S.G. §4B1.2(a)(2) was unconstitutionally vague. (Id.); United States v. Calabretta, 831 F.3d 128, 133-34 (3d Cir. 2016) abrogated by Beckles v. United States, 137 S.Ct 886, 890-91 (2017). (Id.)

When the Government filed its letter brief in response to the amended § 2255 motion, the law had changed. (Letter Brief, ECF No. 30.) The Supreme Court held that the reason for finding the residual clause in the ACCA void for vagueness does not extend to the definition of "crime of violence" in the Sentencing Guidelines, although the language is identical. (Id. at 1-2 citing Beckles).

4

"The issue in Beckles was whether the advisory Guidelines 'fix the permissible sentences for criminal offenses' such that they can be challenged as vague." In re Hofner, ––F.3d––, 2017 WL 3908880 (3d Cir. Sept. 7, 2017). The Supreme Court held that the vagueness doctrine cannot be applied to the advisory Guidelines because advisory Guidelines cannot be enforced arbitrarily since they are not enforced at all. (Id., citing Beckles, 127 S.Ct. at 894.)

In Beckles, the Supreme Court extinguished Scurry's claim that the Johnson holding should extend to his sentence under identical language in the residual clause of the U.S.S.G., §4B1.2(a)(2).

III. CONCLUSION

For the reasons discussed above, the Court denies Scurry's Johnson claim in the amended § 2255 motion (ECF No. 27), and dismisses the petition with prejudice. The Court finds that, based on the Supreme Court's decision in Beckles, reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issue presented should be encouraged to proceed. See 28 U.S.C. § 2253; Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Therefore, no certificate of appealability shall issue.

Dated: October 6, 2017

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**